[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO IMPLEAD NO. 104 AND OBJECTION TOMOTION NO. 105
The plaintiff, St. Paul Fire and Marine Ins. Co., filed suit against the defendant, Lenscrafter, Inc., on November 6, 1995. The present action arises from an incident in which a sprinkler system serving the defendant's property ruptured and damaged the plaintiff's property. On March 7, 1996, the defendant sought leave to implead several other parties pursuant to Practice Book § 117. Attached to the defendant's request was a third-party complaint seeking, in part, "[a]n apportionment of the negligence attributed to the third party defendants pursuant to Connecticut General Statute § 52-572h." The plaintiff has filed an objection to the to the defendant's Motion to Implead on the ground that the exclusive method of seeking apportionment pursuant to General Statutes § 52-572h is under Public Acts of 1995, No. 95-111 (the Act), which requires service of such actions within 120 days of the return date specified in the plaintiff's original complaint.
Public Act 95-111 applies to any civil action filed on or after July 1, 1995. P.A. 95-111 § 2. Pursuant to the Act, any defendant seeking apportionment of liability must serve an apportionment complaint" upon the third party sought, known as the "apportionment defendant," within 120 days of the return date of the original complaint. P.A. 95-111 § 1(a). The Act further provides that it shall be the exclusive means by which a defendant may add a person for apportionment.[1] P.A. 95-111 § 1(f).
Prior to the enactment of P.A. 95-111, "[a] number of decisions in this court have held that impleading a party pursuant to 52-102 is the proper method for a defendant to assure that he is held liable for no more than his proportionate share of the plaintiff's damages under 52-572h(c)." (Citations omitted.) Bank of South Windsor v. Harlow, Adams Friedman,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 38 46 74S (Apr. 22, 1993, Aurigemma, J., 9 CT Page4422 CLR 17). The statutory counterpart to Practice Book § 117 is General Statutes § 52-102a, not General Statutes § 52-102. Id.
Regardless of whether the defendant's claim for apportionment may once have been brought under Practice Book § 117, however, it may now only be properly brought pursuant to P.A. 95-111. Subsection (f) of P.A. 95-111 states: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h . . . for a proportionate share of the plaintiff's damages as a party to the action." This provision is dispositive of the issue at hand.
The action was filed after July 1, 1995 so P.A. 95-111 applies. Further, the return date for the original complaint in the present action was November 14, 1995. Accordingly, in order to add any parties for apportionment as the defendant seeks to do, the apportionment complaint must have been served within 120 days. Because the 120 days expired on March 13, 1996, the defendant's motion is denied and the plaintiff's objection is sustained.
Leheny, J.